IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RUBEN R. SOLLA-FIGUEROA,**
**Plaintiff**

**v.**                                                                     **CIVIL NO. 06-1670(DRD)**

**MENDEZ & COMPAÑIA, et al.,**
**Defendants**

### ORDER TO SHOW CAUSE

Pending before the Court is defendants' *Notice of Removal* (Docket No. 1) sustaining that this district court has jurisdiction to entertain the instant matter. According to defendants, plaintiff's claims are grounded in sex and gender discrimination and violation of civil rights hence the Court should construe plaintiffs' claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a). At the outset the Court notes that service of process was served upon co-defendants on June 2, 2006, and the instant notice of removal was filed on July 6, 2006. The removal statute, 28 U.S.C. §1446(b) provides that notice of removal shall be filed within thirty (30) days after the receipt by the defendant, through service or other of the initial pleading. Further, since all defendants are to join in the removal, as they have, and the company was served process on June 2, 2006, the term to file the notice of removal has elapsed as to all co-defendants. Therefore, *prima facie*, it seems that the term provided by the removal statute had elapsed at the time the co-defendants filed their notice. Notwithstanding, the issue of timeliness of the notice of removal, there are substantive jurisdictional problems. The Court has thoroughly examined plaintiff's claim as filed before the local state court and harbors serious doubts as to the suitability of the removal.

Federal law provides that a case may be removed to federal court if it presents a "claim or right arising under the Constitution, treaties, or laws or laws of the United States". 28 U.S.C. §1441(b). "The Supreme Court of the United States has made clear that, in deciding [for removal purposes] whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer." *Hernandez-Agosto v. Romero-Barcelo*, 748 F.2d 1, 2 (1st Cir. 1984). The Court is concerned with the fact that nowhere within the four corners of the complaint a federal cause of action and/or a federal claim or right is alleged. As a matter of fact, the complaint filed before the local courts does not plea that plaintiff's alleged causes of action are pursuant to any specific federal and/or local statute. Hence, the Court is concerned with the defendants' averments stating that the instant case was filed claiming violation to Title VII of the Civil Rights Act, specially since the local law has several statutory discrimination schemes. (See, Law 100 of June 30, 1959, 29 P.R. Laws Ann. §146 *et seq.*; Law 69 of July 6, 1985, 29 P.R. Laws Ann. §1321 *et seq.*; and Law 17 of April 22, 1988, 29 P.R. Laws Ann. §155). Furthermore, it is well known that in the majority of courts within the First Circuit, individual personal liability does not attach in Title VII claims. See, *Acevedo Vargas v. Colón*, 2 F.Supp.2d 203, 205-207 (D.P.R.1998)(Title VII)(enumerating Circuit and District Court cases excluding individual liability); *Contreras Bordallo v. Banco Bilbao Vizcaya de P.R.*, 952 F.Supp. 72, 73-74 n.2 (D.P.R.1997)(Title VII); *Elba Colon v. Patrick Wangen* 938

F.Supp. 1052 (D.P.R. 1996). Contrariwise, violations to civil rights may be successfully alleged under local state law because the Constitution of the Commonwealth of Puerto Rico operates *ex propio vigore*. See, *Rosario-Toledo v. Distribuidora Kikuet, Inc.*, 151 D.P.R. 634, 2000 WL 943550 (2000).

Therefore, defendants are **ORDERED TO SHOW CAUSE** in writing ascertaining the jurisdiction of this court to entertain the instant matter. Defendants' motion showing cause shall not exceed **ten (10) pages** in length and shall be filed **on or before July 21, 2006**. **Absolutely, any request for an extension of time shall be SUMMARILY DENIED.** Defendants are advised that the burden to prove that a federal question has been pled lies with the party seeking removal. *BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997).

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 12th day of July 2007.

                                                  **S/DANIEL R. DOMINGUEZ**
                                                  **DANIEL R. DOMINGUEZ**
                                                      **U.S. DISTRICT JUDGE**