IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RUBEN R. SOLLA-FIGUEROA,**
Plaintiff

v.                                                                                         CIVIL NO. 06-1670(DRD)

**MENDEZ & COMPAÑIA, et al.,**
Defendants

### ORDER TO REMAND AND JUDGMENT

Pending before the Court is co-defendants Mendez & Company, Jose Arturo Alvarez-Gallardo, Pablo Jose Alvarez-Muñoz, Salustiano Alvarez-Mendez, Rafael Alvarez-Sweeting, Luis Alvarez-Fiol, Carlos Alvarez-Mendez, Junio Dubon, Luis Ortiz-Silva, and Jose Gonzalez-Arce's *Motion in Compliance With Order to Show Cause and in Support of Defendant's Notice of Removal* (Docket No. 4) showing cause as to why the instant action should not be Remanded to the local state court.  For the reasons stated herein defendants' case is hereby **REMANDED to the state Court of First Instance Bayamon Part**.

On July 3, 2006, appearing co-defendants filed before this Court a *Notice of Removal* (Docket No. 1) asserting that the instant case was removable pursuant to the federal removal statute, 28 U.S.C. §1446(b), alleging that plaintiff's causes of action, as alleged in the complaint filed before the local state court, arose under the Constitution of the United States claiming sex and gender discrimination in violation to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a).  On July 12, 2006, the Court issued an Order to Show Cause (Docket No. 3) ordering plaintiff to ascertain the jurisdiction of this court to entertain the instant matter.  Specifically, the Court voiced its concern "that nowhere within the four corners of the complaint a federal cause of action and/or a federal claim or right is alleged ... [because] as a matter of fact, the complaint filed before the local courts does not plea that plaintiff's alleged causes of action are pursuant to any specific federal and/or local statute."

Co-defendants have timely complied with this Court's Order and affirm that this Court's jurisdiction can be ascertained by examining plaintiff's allegations relating to co-defendants' "violations of plaintiff's civil rights".  Co-defendants sustain that plaintiff's allegations relating to violation of civil rights are grounded on Title VII of the Civil Rights Act and not under Puerto Rico law because the only local statute allowing a claim for civil rights violations is the Puerto Rico's Civil Rights Acts, P.R. Laws Ann., tit 1, §§13-19.  Furthermore, co-defendants sustain that inasmuch the Puerto Rico Civil Rights Act is not enforceable against a private corporation and/or private individuals, the only statute upon which plaintiff may state a cause of action for civil rights violation is under Title VII of the Civil Rights Act.

Moreover, co-defendants allege that plaintiff has engaged in artful pleading by camouflaging a federal question that is intrinsic to plaintiff's causes of action and that the centrality of the federal

question also is an appropriate ground for removal.  In other words, co-defendants infer that plaintiff has deliberately failed to allege a federal cause of action to avoid that federal jurisdiction attaches.  In support of their reasoning, co-defendants move the Court to look beyond the pleadings of the complaint, in this instance the lack of statutory citations in the initial pleading, and the nature of the complaint at the time the petition for removal was filed.

At the outset, the Court notes, contrary to the Court's original intimation at Docket No. 3, that the instant *Notice of Removal* was timely filed as correctly asserted by co-defendants in their *Motion in Compliance With Order to Show Cause and in Support of Defendant's Notice of Removal* (Docket No. 4).  As required by the federal removal statute, 28 U.S.C. §1446(b), the instant *Notice of Removal* was filed within thirty (30) days from the date co-defendants were served process.  Notwithstanding, the Court address in seriatim fashion other substantive jurisdictional problems which the Court originally noted.

It is well settled that a case may be removed to federal court if it presents a "claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. §1441(b).  In deciding for removal purposes the Supreme Court has ruled that "the district court must determine whether the plaintiff's **claim to relief** rests upon a federal right, and the court is to look only to **plaintiff's complaint** to find the answer".  *Hernandez-Agosto v. Romero-Barcelo*, 748 F.2d 1, 2 (1st Cir. 1984)(emphasis in original).  However, the existence of a federal defense is not sufficient for removal jurisdiction.  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 11(1983).  Moreover, it is similarly known that "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Therefore, the burden to prove that a federal question has been pled lies with the party seeking removal, *BIW Deceved v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997), and any ambiguity as to the source of law relied upon by plaintiff shall be resolved against removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)(removal statute should be strictly construed against removal).

As to the artful pleading doctrine, courts must be skeptical of its application outside of complete federal preemption of a state cause of action.  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. at 23 (standing for the proposition that the necessary ground for the creation of the artful pleading doctrine is that the preemptive force of a federal statute was so powerful as to displace entirely any state cause of action).  In other words, "the artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank*, 522 U.S. 470, 475-476 (1998).  In *PruneYard Shopping Center v. Robins*, 447 U.S. 7 4, 81 (1980) the Supreme Court held that it cannot be said that the Constitution of the United States wholly preempts the Commonwealth's grant of similar rights under its own constitution since it is known that the constitutions of the states may afford more, but not less, protection than the Federal Constitution.

Relevant to the actual jurisdictional controversy, the Supreme Court has ruled that: "[t]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes.  The clear inference is that Title VII was intended to supplement, rather that supplant, existing laws and

institutions regarding employment." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48-49 (1974). Here the unavoidable conclusion is fatal to co-defendants' argument, to wit, since Title VII does not preempt other causes of action under local statutes the artful pleading doctrine is inapposite to the instant facts. Discrimination under local law can further be actionable against employer corporation entitities and/or natural persons. *Rosario-Toledo v. Distribuidora Kikuet, Inc.*, 151 D.P.R. 634, 2000 WL 943550 (2000). *Santini-Rivera, et al. v. Serv. Air, Inc.*, 137 D.P.R. 1 (1994). Hence, co-defendants' position as to plaintiff's artful pleading to mask the federal question to avoid removal is clearly inapposite.

Pursuant to defendants' own theory this case arguably presents a case under Title VII. However, as stated before, Title VII does not prevent a claim under federal law which preempts state law. *Alexander v. Gardner-Denver*, 415 U.S. at 48-49. This case falls clearly short of the doctrine of artful pleading set forth at *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) wherein the Court stated that "once an area of state law has been completely preempted any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law" (referring to a claim preempted under ERISA). Further, referring to claims under §301 of the Taft-Harley Act, 29 U.S.C. §185 the Supreme Court stated that "the preemptive force of §301 is so powerful as to displace entirely any state cause of action 'for violation of contract between an employer and a labor organization.' Any such suit is purely a creature of federal law notwithstanding the fact that state law would provide a cause of action in the absence of §301." *Caterpillar Inc. v. Williams*, 482 U.S. at 395 (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. at 23).

This case falls clearly outside the artful pleading doctrine because the alleged federal cause of action under Title VII does not preempt state law and hence there is no federal preemptive bite. See, *Ferrer v. Banco Central Hispano-Puerto Rico, Inc.*, 142 F.Supp.2d 190, 195-196 (D. Puerto Rico 2001). Moreover, the Court must examine whether plaintiff's complaint charges any claim or right arising under the Constitution, treaties or laws of the United States. As stated previously, the Court must determine whether the plaintiff's **claim to relief** rests upon a federal right, and the court is to look only to **plaintiff's complaint** to find the answer. *Hernandez-Agosto v. Romero-Barcelo*, 748 F.2d at 2. A thorough examination of the complaint as filed before the local state court reveals that plaintiff's causes of action, as averred in the complaint, are grounded on damages, unjustified dismissal, defamation and violation of plaintiff's civil rights. Furthermore, the remedies sought include immediate reinstatement in the employment and back pay, request that employees apologize for the alleged defamation, monetary damages as a result of the mental anguishes and suffering, damage to his reputation, honor and dignity, and compensatory damages as a result of material damages.[1]

The Court further notes that the complaint fails to make reference to any local and/or federal statute. Co-defendants' argument affirm that since plaintiff has failed to make specific/general reference to any statute, the Court must deem that plaintiff's averments relating to co-defendants'

---

[1] The Court notes that plaintiff also requests that an apology be offered to Ms. Linda Perez; however, the caption of the case fails to name her in such capacity. Notwithstanding, the Court does not address whether plaintiff Mr. Ruben R. Solla-Figueroa has constitutional case and controversy standing to request said remedy on behalf of Ms. Linda Perez.

violation of plaintiff's civil rights has been made pursuant to the federal Civil Rights Act, because the local Civil Rights Act is not enforceable against a private corporation and/or an individual. The Court is reluctant to accept co-defendant's argument because simply, the premises and the facts alleged in the instant case do not provide grounds for said conclusion. The Court explains.

The Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, Art. II, §§ 1, 7, 8, and 16 provided insofar as relevant, that the dignity of the human being is inviolable, that the right to life, liberty and the enjoyment of property is recognized as a fundamental right of man, that every person has the right to the protection of the law against abusive attacks on his honor, reputation and private or family life, and that every employee has the right to the protection against risks to his health or person in his work or employment. It is the law under the Commonwealth of Puerto Rico that the Constitution operates into full force *ex propio vigore*. In other words, constitutional rights, contrary to federal Constitutional rights, may be invoked even amongst private parties, that is, private parties may seek constitutional redress against each other without there being a state actor involved. *Arroyo v. Rattan Specialties, Inc.*, 117 P.R.R. 43 (1986); *Colon v. Romero-Barcelo*, 112 D.P.R. 573, 576 (1982).

However, the gist of co-defendant's arguments relies on the fact that plaintiff claims that co-defendant violated his civil rights. Thus, co-defendants sustain that the only plausible way plaintiff may achieve success in raising said claim is if the civil rights cause of action is brought forth pursuant to the Civil Rights Act of 1964. Co-defendant's argument is flawed. A constitutional right is defined as "[a] right guaranteed by a constitution; especially, one guaranteed by the U.S. Constitution or by a state constitution." Black's Law Dictionary 331 (8th ed. 2004). Furthermore, "[c]ivil rights include especially the right to vote, the right of due process, **and the right of equal protection under the law**." Black's Law Dictionary at 263 (emphasis added). Therefore, the terms civil rights and constitutional rights refer to those individual rights guaranteed by the federal and/or state constitution if said rights are encompassed within the language of both constitutions. The Court may further understand that as Title VII discrimination claims are referred to as cases under civil rights, similarly discrimination claims under Law 100. P.R. Laws Ann. §146, may also be referred to loosely as civil rights claims. See also Law 69, July 6, 1985, P.R. Laws Ann. Tit. 29 §§1321 *et seq.*, is copied from Title VII, *Cintron-Diaz v. Ritz Carlton San Juan Spa Hotel & Casino*, No. CC-2002-972, 2004 WL 1240377 (Supreme Court of P.R.)

Contrariwise, the Civil Rights Act is defined as "[o]ne of several federal statutes enacted after the Civil War [], for the purpose of implementing and giving further force to the basic rights guaranteed by the Constitution, and especially prohibiting discrimination in the employment and education on the basis of race, sex, religion, color or age." Black's Law Dictionary at 263. However, the fact that a cause of action for civil rights violation may be pursued under the Civil Rights Act (Title VII) does not result in a preemption of similar causes of action under any given constitution and/or local statute of a state or territory. *Alexander v. Gardner-Denver Co.*, 41 U.S. at 48-49. Neither, a plaintiff is barred from raising a claim for civil rights violation pursuant to the constitution of a specific state or territory.

As stated previously, the plaintiff is the master of the claim and he may avoid federal jurisdiction by exclusive reliance on state law. In the instant case, the Court does not read the complaint as raising any federal question as an essential element of plaintiff's causes of action.

*Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)("right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"); *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 3 (1st Cir. 1983)(case law requires that the elements of the federal claim appear on the face of the state court complaint, without reference to other documents), cert. denied, 464 U.S. 936 (1983).  Therefore, because ambiguities as to the source of law relied upon by plaintiff shall be resolved against removal, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. at 108-109, the instant case shall be remanded.

For the reasons stated herein, the Court hereby **REMANDS** the instant case to the Commonwealth of Puerto Rico, General Court of Justice, Court of First Instance, Bayamon Part, Civil No. DPE2006-0440(505), **FORTHWITH**.  Any pending motions before this court, filed after Removal petition and until today, are referred to the attention of the presiding judge in the Bayamon, Puerto Rico, judicial center.  The Clerk of Court is **INSTRUCTED** to issue the transmittal letter accordingly.  **THIS CASE IS CLOSED AT THE FEDERAL LEVEL.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 31st day of July 2006.

                   **S/DANIEL R. DOMINGUEZ**
                   **DANIEL R. DOMINGUEZ**
                   **U.S. DISTRICT JUDGE**